John Baily COLLIER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19369.

United States Court of Appeals
Fifth Circuit.

April 27, 1962.

Ralph L. Crawford, Savannah, Ga.,
for appellant.

Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, Chief Judge, and
JONES and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant was convicted on a three-count indictment of selling narcotics in violation of 26 U.S.C.A. § 4705(a) and this appeal is from the denial of his motion for a new trial. All of the errors assigned save one are either without merit or are not likely to occur on a retrial and are not discussed in view of our reversal for new trial.

Our reversal is based on the deficient charge with regard to the defense of entrapment. The evidence relative to this defense was conflicting. That for the government was to the effect that a government agent arrived in Savannah and put out the word that he was an addict and in need of narcotics, and he was contacted by appellant who sold him narcotics on three separate occasions. The evidence for appellant was that the agent came to his home while he was very sick from the lack of narcotics and without funds with which to purchase narcotics, and offered to obtain narcotics for him so that he might recover and at the same time obtain narcotics for the agent. The agent, according to appellant, wanted narcotics for himself and knew that appellant had the sources from which they could be purchased. The agent gave appellant money with which to make the purchases and those purchased were used by appellant, the agent, and a friend of appellant's. It was the testimony of appellant that he had never sold narcotics, and did not sell the narcotics to the agent on these occasions, his contentions setting out entrapment

arising out of something of a joint venture.

The appellant requested a charge on entrapment based on Butts v. United States, 8 Cir., 1921, 273 F. 35. The court on the main charge refused to charge on entrapment but called the jury back a few minutes later and gave the following charge with regard to entrapment:

"Now, Gentlemen, I might should have charged you on the subject of entrapment. Now the defendant in this case contends that he was entrapped by the government witness on an appeal for sympathy, or by friendship and sympathy and so forth, into committing this act. Entrapment is where a person is induced or persuaded to commit a crime by sympathy, friendship or deception. If you find that is the truth of the case, then the defendand would not be guilty. The Government, on the other hand, says that the sale was voluntarily made, that he made it voluntarily, that he voluntarily made a sale to this man whom he did not know was an Agent of the Government. If you find that is the truth of the case, then that would not be entrapment. If you believe the defendant's statement then, of course, that would be entrapment. If you believe the government's statement, why then that would not be entrapment."

This charge was not adjusted to the evidence. The only sympathy involved was the extension of it by the Government agent to appellant, a narcotic addict in need of narcotics. This could have been an act of friendship but it too was extended by the agent. Ordinarily in an entrapment case the claim is made that the offense was instigated by an appeal for sympathy or friendship by the agent but this is not the case here where sympathy and friendship were alleged to have been offered by the agent. The court should have adjusted the charge to reflect this contention of appellant.

The charge was also inadequate. We have heretofore noted that the element of "predisposition of the defendant to commit the unlawful act" is a vital element in entrapment cases. Accardi v. United States, 5 Cir., 1958, 257 F.2d 168. This would make it important for the jury to consider whether the defendant had ever committed or conceived the intent to commit such an offense in the past, and whether he had the means with which to commit the offense. Butts v. United States, supra. The charge as given failed to cover these elements and was deficient in these respects.

Appellant being entitled to a complete and accurate charge on the question of entrapment, the court erred in failing to grant the new trial sought. Wall v. United States, 5 Cir., 1933, 65 F.2d 993.

Reversed and remanded.