493 P.2d 902

**STATE of Arizona, Appellee,**

**v.**

**James Edward THORNTON, Appellant.**

Supreme Court of Arizona,
In Banc.

Feb. 9, 1972.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant was charged with the crime of robbery as defined in A.R.S. § 13–641. He was tried and sentenced to not less than eighteen nor more than twenty-four

years in the state prison, and appeals from judgment and sentence.

On September 20, 1966 two men arrived at a Circle K store in Phoenix. At the same time a patron of the store, Judy Wilson, also arrived. One of the men, later identified as the defendant, pulled out a gun and held it five or six inches from the nose of the manager of the store, Lawrence Walmsley, and told him "[t]his is a hold up" or "stick up". Walmsley was then ordered to open the cash register and "lay on the floor." Judy Wilson was ordered by defendant's companion to lie down also.

The men fled after taking approximately one hundred dollars. Walmsley notified the police, giving a description of the men, and Wilson gave a description of the car they were driving.

Officer Weed, who investigated the incident, found an automobile at a shopping center a few blocks away from the scene of the crime which closely resembled the description given by Wilson. The automobile was dusted for fingerprints by Officer Stiteler of the identification bureau. Defendant's prints were found on the back of the rear view mirror.

On October 7th Officer Weed visited Walmsley at his residence for the purpose of displaying a group of 26 photographs to him. Walmsley looked through the photographs and identified the defendant in one of the pictures as one of the men who had robbed him.

Defendant argues first that there was insufficient evidence to support a conviction for the robbery. He admits that there was sufficient evidence to submit the case to the jury, but he argues that the evidence was "highly circumstantial," of "questionable propriety" and "prejudicial" when considered in the light of the testimony of other eye witnesses and of the inferences to be drawn therefrom. He is most critical of the circumstantial evidence presented at trial. The witness Wilson identified the robbers' car as a 1957 white hardtop, "possibly a Ford". Officer Weed testified that the vehicle found was a 1957 white hardtop Mercury. The witness Ester Hauck testified that on the day of the robbery she saw a man arrive in a car at the parking lot where police later found a 1957 white Mercury, bearing a fingerprint identified as defendant's. The man got out, went to another car occupied by another man, and the two drove off. The witness' general descriptions of these men was similar to that given by Walmsley, though Hauck could not specifically identify them. Gale West, an automobile salesman, testified that on the day of the robbery he saw two men drive away from an automobile agency across the street in a white Mercury "1957 or 1958" model. He also gave a general description of the two which corresponded generally to Walmsley's description of the robbers although he could not positively identify either man.

When examining the evidence on appeal the well established rule is that the evidence will be taken in the light most favorable to the state, and all reasonable inferences therefrom must be considered in the most unfavorable manner to the defendant. State v. Crawford, 106 Ariz. 322, 475 P.2d 936 (1970).

■ The quantum of evidence necessary to support the jury's verdict must be substantial. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue, it must be deemed substantial. See State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965); State v. Beers, 8 Ariz.App. 534, 448 P.2d 104 (1968). Both direct and circumstantial evidence may be sufficient to meet the "substantial" test. There is no distinction as to the weight to be assigned to each. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970). We find there was substantial evidence here to support the verdict.

■ The defendant's next point is that there was not sufficient foundation for the admission of identification, vehicle and fingerprint evidence. The record discloses that there was adequate foundation for admission of all of the evidence.

Defendant also claims that the "inadmissible" evidence of the identification, getaway vehicle, and "obscure" fingerprint was so prejudicial that it influenced the jury's verdict.

 Walmsley's identification, the getaway vehicle and the fingerprint evidence were properly admissible in the case. The fact that competent evidence tends to prove the guilt of the defendant does not make it prejudicial in the legal connotation of prejudicial error.

Defendant's third and fourth arguments are based upon the right to a speedy trial.

A complaint was filed in this case against the defendant on October 10, 1966, and a warrant for his arrest was issued on the same day. The defendant, however, was incarcerated in the state prison for other charges on November 23, 1966. He was then held on a detainer on the charges in the instant case, which was to become effective after completion of his sentence on the other charges. On March 28, 1967, defendant filed a motion. to dismiss the present charges arguing that he had been denied the right to a speedy trial as provided by Art. 2, §§ 11 and 24 of the Arizona Constitution, A.R.S., and the 6th and 14th Amendments to the Constitution of the United States. On April 17, 1967 the defendant was brought to court for a preliminary hearing and he was tried on June 29th and 30th.

The right to speedy trial under the Arizona Constitution is not violated unless the defendant can show he was prejudicially harmed by the delay. State v. Saiz, 103 Ariz. 567, 477 P.2d 541 (1968). As to the 6th and 14th Amendments to the United States Constitution, defendant must show that the state unreasonably delayed prosecution and that such delay prejudiced his defense. "[T]he essential ingredient is orderly expedition and not mere speed." State v. Pruett, 101 Ariz. 65, 415 P.2d 888 (1966), quoting from United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 631 (1966). We find nothing to indicate such unreasonable delay on the part of the state. Consequently, without circumstances indicating that defendant was prejudiced at trial there can be no violation of his right to a speedy trial. State v. Pruett, *supra*. We find nothing to indicate such prejudice.

 Defendant's final contention is that he was denied effective assistance of counsel at trial. The well established standard to determine ineffective counsel is that the attorney by his actions must have made the proceedings a "farce and a mockery of justice, shocking to the conscience of the Court." State v. Kruchten, 101 Ariz. 186, 197, 417 P.2d 510, 521 (1966), cert. denied, 385 U.S.. 1043, 87 S. Ct. 784, 17 L.Ed.2d 687 (1967). The record here gives no indication,of this.

Judgment and sentence affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.