511 P.2d 627

**The STATE of Arizona, Appellee,**

v.

**Victor Romero MENDOZA, Appellant:**

No. 2518.

Supreme Court of Arizona,
In Banc.

June 28, 1973.

Rehearing Denied Sept. 18, 1973.

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Phoenix, and James P. F. Egbert, Third Year Law Student, University of Ariz., Tucson, for appellee.

Albert R. Gamble, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment by the court sitting without a jury finding the defendant guilty of the crime of unlawful sale of narcotics, § 36–1002.02 A.R.S., and a sentence of not less than nine nor more than fourteen years in the Arizona State Prison.

Defendant asks us to consider three questions on appeal:

1. Was the defendant denied his right to speedy trial when he was indicted some ten months after the alleged violation?

2. Did the court erroneously allow the State to reopen its case after the defendant raised the defense of entrapment?

3. Was the evidence sufficient to sustain the conviction?

The facts necessary for a determination of this matter on appeal are as follows. Defendant was approached by two narcotics agents on the 8th day of September, 1970, and asked if he could locate some heroin for a girlfriend. The defendant agreed that he could find some heroin for them, got in their car, and went to another location. After driving around for a few minutes, he directed them to a particular house. Defendant got out of the car and went over and talked to a man standing near a fence. He returned to the car and said that he needed some money. The officers gave him $10 and he returned with a "paper" of heroin.

On the following day the County Attorney's office filed a complaint in the Justice Court of Pima County charging the defendant with the act as alleged. Santa Cruz County had a matter pending against the defendant at this time and they wanted to proceed. The complaint was dismissed and defendant taken to Santa Cruz County for prosecution which resulted in defendant's being sent to the Arizona State Prison. No preliminary hearing was held on the complaint. Another complaint was filed in the Pima County Justice Court on 8 October 1970 and this complaint was also dismissed. On 10 August 1971, some ten months after the offense, the indictment in the instant case was filed.

At the trial held before the court sitting without a jury, the State called three witnesses. After the State rested, the defendant presented a defense of entrapment. The State was allowed, over defendant's objection, to reopen its case and recall one of the narcotics officers who was examined concerning the defense of entrapment. The defendant did not take the stand nor offer any testimony. He was found guilty and appeals.

### SPEEDY TRIAL

The right to speedy trial is a fundamental right guaranteed to state defendants by the Sixth Amendment to the United States Constitution. Klopfer v. North

Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967).

And the United States Supreme Court stated:

"On its face, the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L. Ed.2d 468, 474 (1971). But see Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965).

■ We have also stated:

"The right to speedy trial under the Arizona Constitution is not violated unless the defendant can show he was prejudicially harmed by the delay. * * *." State v. Thornton, 108 Ariz. 119, 121, 493 P.2d 902, 904 (1972). See also Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ In the instant case, although a complaint was filed against the defendant the day after the offense occurred and was later dismissed, as well as a complaint filed approximately a month later, the indictment upon which the defendant was charged was filed some ten months later. We do not determine, for purposes of speedy trial requirements, as to which is the starting date, either the complaint of 9 September or the indictment of 10 August. What is important for the purposes of this opinion is that the defendant was well aware that there were charges against him the day after the offense was committed. He, therefore, had an ample opportunity to remember the events of the day and to impress them upon his memory. There has been no showing on the record of prejudice by this delay. We therefore find no speedy trial violation in the instant case.

## ALLOWING THE STATE TO REOPEN

After the State had rested, the defendant's attorney made the following statement:

"Your Honor, at this time the Defendant wishes to have the record show an admission of fact established by the evidence in this case now with the exception of the chemical composition or contents of State's Exhibit 1, and the Defendant wishes the record to show his admission of all those facts established in the testimony at this time by the State's witness, and at this time moves the Court for a dismissal for the reason that Defendant was obviously entrapped into committing the act charged."

At this time the attorney for the State announced that because of this defense he would like to recall one of the agents to rebut the claim of entrapment. This the State was allowed to do over the objections of the defendant.

■ We have stated regarding entrapment:

"A defendant who wishes to avail himself of a defense of entrapment must admit the substantial elements of the crime and one who denies knowledge of the crime may not raise the defense of entrapment. * * *" State v. McKinney, 108 Ariz. 436, 439, 501 P.2d 378, 381 (1972).

■ Once the defense of entrapment is raised, the prosecution then has the burden of establishing beyond a reasonable doubt that the accused was not entrapped. State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970). In the instant case, the defense of entrapment was not presented until after the State had presented their witnesses. This presented a new element in the case, and a new burden upon the State, and the State should be allowed to reopen to meet it.

■ Also we have stated:

"'[I]t is within the sound discretion of the trial court in the furtherance of the interests of justice after the parties have rested to permit either party to reopen a case, for the purpose of receiving

further evidence * * * The exigencies of each particular case go far in controlling the discretion of the court in this regard * * * [The Court] is not * * * justified in closing the case until all the evidence, offered in good faith and necessary to the ends of justice has been heard'." State v. Favors, 92 Ariz. 147, 149, 375 P.2d 260, 261 (1962).

■ We find no error in allowing the case to be reopened.

### DOES THE EVIDENCE SUPPORT THE JUDGMENT?

The defendant moved at the conclusion of the evidence for a dismissal of the indictment and for judgment for the defendant. The motion was denied. The defendant contends that the evidence clearly showed entrapment and it was therefore error to deny defendant's motion. He contends that "the evidence adduced upon trial, taken at its very best, failed to provide a clear showing" that the accused was not entrapped.

■ Entrapment is a question of fact, State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965), State v. Boccelli, supra, and we have held that in order for there to be a showing of entrapment "there has to exist activity by the State in the nature of an inducement to commit a crime which the accused would not have otherwise committed, * * * providing the mere opportunity to commit the offense is not sufficient * * *." State v. Boccelli, supra, 105 Ariz. at 497, 467 P.2d at 742; State v. Duplain, 102 Ariz. 100, 425 P.2d 570 (1967). See also Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366, 1973. We find no error.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.