540 P.2d 754

**The STATE of Arizona, Appellee,**

v.

**Linda Lou ROSS, Appellant.**

**No. 2 CA–CR 630.**

Court of Appeals of Arizona,
Division 2.

Sept. 29, 1975.

Rehearing Denied Nov. 7, 1975.
Review Denied Dec. 9, 1975.

**24**

Bruce E. Babbitt, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Edward B. Truman, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant was charged with unlawful sale of heroin. At trial she admitted the sale and sought to establish the defense of entrapment. The jury found her guilty and she was sentenced to five years' probation with the first 30 days in the custody of the Department of Corrections.

Appellant contends the trial court committed reversible error by permitting Detective Eugene Anaya to testify on rebuttal that he had previously encountered her at the scene of a heroin raid. She asserts four grounds for this contention: (1) The testimony was inadmissible because it was not disclosed under Rule 15.1(a)(6), Rules of Criminal Procedure, 17 A.R.S.; (2) Detective Anaya should not have been permitted to testify because the State did not disclose his existence under Rule 15.1, (3) Detective Anaya's testimony was introduced to show she had committed a prior bad act, hence was irrelevant and prejudicial; and (4) Detective Anaya's testimony was not proper rebuttal evidence. Because we agree that Detective Anaya's testimony was improperly admitted, we reverse and remand for a new trial.

The operative facts are as follows. On October 14, 1974, two undercover narcotics agents knocked at the door of appellant's house in Tucson and asked for her brother, Denny. Appellant was summoned to the door and said Denny was not at home. The agents testified that appellant then offered to buy heroin for them. Appellant testified, however, that the agents initially asked her to buy heroin for them but that she refused. She testified that only when they said they were sick and needed a fix did she consent to make the purchase for them. The agents drove her to another house where she bought two papers of heroin with a $20 bill they provided. They then arrested her.

At trial the State asked appellant on cross-examination if she had been to the house of Irene Ruiz on October 1, 1974. Over defense counsel's objection, appellant was permitted to testify:

"I went to her house one night because she said she was feeling sick, and I went over there to see how she was, yes, I was there. . . . I was alone, I came in only to see a friend. They checked my purse, I had no money, nothing. I didn't even know what they wanted. They checked my arms, checked my feet, they found no tracks on me and I was really insulted upon [sic] their behavior."

On rebuttal, the State offered the testimony of Detective Anaya of the Tucson Police Department. Over defense counsel's continuing objection on the ground of relevancy, Anaya was allowed to testify that he and other officers executed a search warrant at the house of Irene Ruiz on October 1, 1974. The search disclosed 30 papers of heroin and Ruiz was arrested. During the three-hour search, the officers removed all police vehicles from the front of the house. Over the three-hour period, appellant and twelve to fifteen heroin addicts came to the house. Anaya examined appellant and found a few red marks on the inside of her arm. In response to Anaya's questioning, appellant said she used

heroin off and on and that she could handle it. In her purse Anaya found about $10.00. Appellant was not arrested.

■ Entrapment occurs when law enforcement officers induce a defendant to commit a crime he had not contemplated and would not otherwise have committed. *State v. Gortarez,* 98 Ariz. 160, 402 P.2d 992 (1965). There is no entrapment unless the criminal conduct was the product of the creative activity of law enforcement officers. *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *State v. Rabon,* 100 Ariz. 344, 414 P.2d 726 (1966); *State v. Thurston,* 100 Ariz. 297, 413 P.2d 764 (1966). Entrapment does not exist where the officers have merely afforded an opportunity for a predisposed person to commit a crime. *State v. Petralia,* 110 Ariz. 530, 521 P.2d 617 (1974). *See, United States v. Glassel,* 488 F.2d 143 (9th Cir. 1973). As the court in *State v. Walker,* 11 Wash.App. 84, 521 P.2d 215 (1974) stated:

> "Even when there is a showing of inducement to transgress by another, a finding of entrapment is not warranted if the propensity to iniquity existed in the defendant and he acted, upon being given a propitious chance." 521 P.2d at 217. *See,* 21 Am.Jur.2d Criminal Law § 144, at 214.

Appellant's claim of entrapment thus placed in issue not only whether the undercover agents induced her to commit the crime by their own creative activity, but also whether she was predisposed to commit offenses of the kind charged. Anaya's testimony was clearly introduced on the issue of appellant's predisposition.

■ Evidence of a defendant's prior bad acts may not be admitted merely to show that he is disposed to commit crimes. *State v. Keith,* Ariz.App., 537 P.2d 1333 (1975). The reason for this general rule of exclusion is that the tendency of such evidence to prejudice the defendant in the minds of the jury outweighs its probative value. *State v. Keith,* supra; Udall, Arizona Law of Evidence § 115. Courts have developed exceptions to the general rule, however, where evidence of the prior bad act is offered on a specific material issue. One such exception relates to predisposition. As the Arizona Supreme Court in *State v. Vallejos,* 89 Ariz. 76, 358 P.2d 178 (1960) stated:

> "Ordinarily proof of the acts of possession or sale are sufficient to show intent and therefore would exclude evidence of other crimes. But the defense of entrapment puts the predisposition and criminal intent in issue in a way which makes additional proof of intent necessary. When such condition exists we have held that 'evidence of other offenses of a similar nature committed by the defendant is admissible for the purpose of proving intent.' *Hightower v. State,* 62 Ariz. 351, 355, 158 P.2d 156, 158." 89 Ariz. at 80, 358 P.2d at 180.

*Accord, United States v. Owens,* 346 F.2d 329 (7th Cir. 1965); *United States v. Cooper,* 321 F.2d 456 (6th Cir. 1963).

■ The principal issue raised by this appeal is whether appellant's appearance at a heroin dealer's house was an act of a sufficiently "similar nature" to the crime charged to show a predisposition to commit that crime. We think it was not.

Anaya's testimony raised an inference that appellant was a heroin user who went to a dealer's house to *buy* heroin. Even if this inference was correct, we cannot understand how it could possibly indicate that appellant was predisposed to *sell* heroin. As far as we can determine, no case has ever held evidence that a defendant previously sought to buy narcotics was admissible to show he was predisposed to sell narcotics. *See,* Annot., 61 A.L.R.3d 293 (1975). *Cf., State v. Gortarez,* 96 Ariz. 206, 393 P.2d 670 (1964). Since predisposition is material in an entrapment case only to the extent it bears on the defendant's intent to commit the crime with which he is charged, this is not surprising. *See, United States v. Rodriguez,* 474 F.2d 587 (5th Cir. 1973); *United States v. Ty-*

*son,* 152 U.S.App.D.C. 233, 470 F.2d 381 (1972); *United States v. Cooper,* supra; *Collier v. United States,* 301 F.2d 786 (5th Cir. 1962); *Accardi v. United States,* 257 F.2d 168 (5th Cir. 1958); *People v. Foster,* 36 Cal.App.3d 594, 111 Cal.Rptr. 666 (1974). As the court stated in *United States v. Ambrose,* 483 F.2d 742 (6th Cir. 1973):

> " . . . permitting the prosecution to make a searching inquiry into the predisposition of a defendant who raises the defense of entrapment does not thereby provide a license for the prosecution to roam at will through his past, either by the introduction of extrinsic evidence or by the use of cross-examination." 483 F.2d at 748.

The admission of the detective's testimony into evidence was prejudicial error.

Reversed and remanded for a new trial.

HOWARD, C. J., and HATHAWAY, J., concur.