**160**

547 P.2d 12

**The STATE of Arizona, Appellee,**

v.

**Kenneth J. LUNDIEN, Appellant.**

**No. 2 CA–CR 745.**

Court of Appeals of Arizona,
Division 2.

March 23, 1976.

Rehearing Denied April 27, 1976.

Review Denied May 25, 1976.

Bruce E. Babbitt, Atty. Gen. by John A. Lasota, Jr., Chief Asst. Atty. Gen., Phoenix, for appellee.

Donau, Bolt, Hickle & Whitley by Frederick C. Hickle, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

On October 23, 1974, three males wearing stocking masks perpetrated a robbery

at the Buena Vista Theatre in Tucson, Arizona. The victims were Donna Keller who was in the ticket booth and Terry Tracy who was behind the candy counter.

Appellant was subsequently arrested and indicted on two counts of armed robbery in connection with this event. Found guilty by a jury on both counts, he was sentenced by the trial judge to concurrent sentences of not less than five nor more than twenty years in the Arizona State Prison. Appellant presents the following questions for review:

"I. WAS IT ERROR FOR THE LOWER COURT TO ALLOW BARBARA HAMPTON TO TESTIFY AS TO HER INVOLVEMENT IN THE PIZZA HUT ROBBERY DURING APPELLANT'S TRIAL FOR ROBBERY OF THE BUENA VISTA THEATRE?

II. WAS IT ERROR FOR THE LOWER COURT TO ALLOW BARBARA HAMPTON TO TESTIFY AS TO CONVERSATIONS ALLEGEDLY OCCURRING ON THE NIGHT OF THE BUENA VISTA ROBBERY?

III. WAS IT ERROR FOR THE LOWER COURT TO ADMIT INTO EVIDENCE THE GUN SEIZED IN THE PIZZA HUT ROBBERY?

IV. WAS IT ERROR FOR THE LOWER COURT TO REFUSE TO DIRECT A VERDICT FOR THE DEFENDANT?"

We shall set forth further facts as they relate to the particular questions presented for review.

The State's chief witness was Barbara Hampton, herself charged with possession of marijuana and with robbery as a result of her participation in an incident at the Pizza Hut the day after the Buena Vista incident. She was referred to the juvenile court because of her age. Another participant in the Pizza Hut robbery was William D. Wehrhan, the appellant in *State v.*

*Wehrhan,* 27 Ariz.App. 277, 542 P.2d 1157 (1975). Wehrhan had also previously entered a guilty plea to the robbery of the Buena Vista Theatre. In anticipation of an attack by the defense on Miss Hampton's testimony, The State brought out the fact that she was charged with the robbery of the Pizza Hut and with possession of marijuana but that the robbery charge was dropped and she was allowed to plead to possession of marijuana. Indeed, the defense, in its cross-examination of Miss Hampton, brought out the fact that the agreement with the county attorney's office was that the robbery charge would be dismissed in return for her testimony in the cases against Wehrhan, a person named Willie Barker, and appellant.

The only objection made to this testimony concerning the Pizza Hut was that it was irrelevant since appellant was not in any way connected with the Pizza Hut robbery. Appellant claims that the testimony carries with it an inference that he was somehow involved in the Pizza Hut robbery and therefore it was prejudicial to him. We do not agree. The trial court did not err in overruling appellant's objection to this testimony.

Barbara Hampton testified that in the late afternoon of October 23rd, she went to appellant's trailer with Billy Wehrhan. At the trailer Billy Wehrhan asked appellant if he would like to participate in the robbery of a motel that night. Although Miss Hampton did not hear appellant make a verbal response to Wehrhan, he did accompany Miss Hampton and Wehrhan to the house of one Jeff Joyner. At Joyner's house the discussion about robbing the motel continued and they made preparations by securing some stockings to be used as masks. Appellant, Wehrhan and Jeff Joyner then left with the stocking masks and two handguns. Miss Hampton testified that she next saw Wehrhan, Joyner and appellant about 10:30 that evening when they returned to Joyner's house. She stated that upon their return they said they

**162**

had gone to a few places, but upon seeing that they were "staked out" by the police, they decided to rob the Buena Vista Theatre.

Appellant claims that the statement made by Wehrhan to Lundien asking him if he wished to participate in the robbery of a motel was inadmissible hearsay. We do not agree.

As for the statements made after the robbery at the Buena Vista Theatre, the record demonstrates that appellant has waived any objection to such statements. Although the court granted appellant a continuing objection to any testimony concerning the planning of the robbery of the Buena Vista Theatre no such continuing objection existed as to the conversations after the robbery was completed. Since no objection was made to the testimony which appellant now attacks, he cannot, on appeal, complain of its admission.

Appellant's contention that the court erred in admitting into evidence the revolver which was used in the Pizza Hut robbery and identified by Barbara Hampton as being the revolver which was in the possession of appellant and his two companions the night of the Buena Vista Theatre robbery is without merit and deserves no further discussion.

Appellant claims that testimonial inconsistencies between Keller and Tracy as to where each of the three robbers was standing during the time of the robbery, together with claimed inconsistent identifications by Tracy at photographic lineups, entitles him to a directed verdict of acquittal. We do not agree. Tracy identified appellant at trial as the person who took off his mask at the Buena Vista Theatre. This testimony plus the other evidence warranted submission of the case to the jury. *State v. Thornton,* 108 Ariz. 119, 493 P.2d 902 (1972).

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.