## Commonwealth v. Robinson

*Michael H. Ranck, Assistant District Attorney,* for Commonwealth.

*William C. Haynes,* for defendant.

MUELLER, *J.,* October 1, 1976—This matter is before the court on defendant's motion in arrest of judgment and motion for a new trial. Defendant

was found guilty by a jury of operating a motor vehicle while under the influence of intoxicating liquor. On March 13, 1976, defendant was stopped by two police officers while driving in Lancaster. He was taken to the Lancaster City police stateion where he was asked a series of questions to test his sobriety and then was given a breathalyzer test by Sgt. Gary Raasch of the Lancaster bureau of police. Defendant was subsequently charged with operating a motor vehicle while under the influence of an intoxicant: Act of April 29, 1959, P. L. 58, 75 P. S. §1037.

At trial, two police officers testified as to their observations of defendant when he was driving and what happened after they stopped him. Both testified that defendant was intoxicated and unfit to drive in their opinion. Sgt. Raasch testified that he had taken a 40-hour course at the Pennsylvania State Police Academy in 1972 in the use of the Model 900 breathalyzer, that he was certified by the State to administer breathalyzer examinations, and that he had administered 50 to 75 tests per year since 1972. Sgt. Raasch used the Model 1000 breathalyzer in the test given to defendant, which is an improved version of the Model 900 since it provides a printout of the test result. Counsel for defendant objected to Sgt. Raasch's testimony on the grounds that he was not qualified as an expert on the Model 1000, but the objection was overruled and the sergeant was permitted to testify as an expert in "administering and reading Breathalyzer test results." He testified that the reading was .18 blood alcohol. Counsel for the Commonwealth then asked the witness to apply Widmark's formula and determine how much alcohol defendant had consumed. Sgt. Raasch tes-

tified that Widmark's formula, which he learned at the Pennsylvania State Police Academy, consists of multiplying the weight of the person tested times the result of the breathalyzer test times the amount of water in the human body (.68), divided by the proportion of air in the body (.8), giving a result in fluid ounces of alcohol consumed. Over objection that he was not an expert in the use of the formula, Sgt. Raasch was permitted to testify that, based on Widmark's formula, a .18 breathalyzer test result indicated that defendant had consumed the equivalent of 10 ounces of 100 proof liquor or 120 ounces of beer. Defendant was found guilty of the offense charged by a jury July 22, 1976.

Defendant's motions involve three contentions:

(1) Sgt. Raasch was unqualified to apply Widmark's formula;

(2) Sgt. Raasch was unqualified to testify concerning the Model 1000 breathalyzer, as he was trained on the Model 900; and

(3) His opinion concerning the amount of alcohol defendant had consumed was so inflammatory and prejudicial that it constituted a denial of due process under the Federal and Commonwealth constitutions.

The competence of a police officer to apply Widmark's formula is a matter of first impression in Pennsylvania, and the court has been unable to discover any rulings in other jurisdictions upon this point. However, the general rules regarding expert testimony are well settled in this Commonwealth. Expert testimony is appropriate in all cases when it involves explanations and inferences not within the normal experience and knowledge of the trier of fact: Commonwealth v.

Leslie, 424 Pa. 331, 334, 227 A.2d 900, 903 (1967). To establish the competency of a particular expert, it must be shown that the expert has sufficient knowledge in a relevant science, occupation or profession such that his opinions based upon that knowledge will probably aid the trier of fact: U.S. v. 60.14 Acres of Land, 362 F.2d 660, 667 (3d Cir. 1966). The minimum standard for competency as an expert is not high: " 'If a witness "has any reasonable pretension to specialized knowledge on the subject under investigation he may testify, and the weight to be given to his evidence is for the jury." ' " Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 338, 319 A.2d 914, 924 (1974).

The record indicates that Widmark's formula is part of a specialized body of knowledge in which Sgt. Raasch was an expert. He testified that learning the formula was part of his training at the Pennsylvania State Police Academy, and his testimony showed his understanding of each element of the formula and how the formula works. Moreover, the formula expresses exact, unvarying mathematical relationships, and a false result can occur only in three ways: (1) incorrect weight measurement, (2) incorrect breathalyzer reading, or (3) incorrect arithmetic. All three possible errors are subject to cross-examination. This court has been unable to find any suggestion, either in cases or secondary sources, that the formula can lead to an incorrect answer in any other way: Erwin, R., Defense of Drunk Driving Cases, §15.01 (3d Ed., 1977).

In summary, the record indicates that Sgt. Raasch possesses special scientific knowledge regarding the breathalyzer and the interpretation of its results; that he was able to apply this knowl-

edge to the facts and reach an opinion based on scientific reasoning; and that he was able to relate the factors that formed the basis of his opinion to the jury. This is all the law requires, and it was not error to rule his testimony competent.

Defendant's second contention, that since Sgt. Raasch was trained on a Model 900 breathalyzer, he cannot be a competent witness concerning a test with a Model 1000, does not require extended discussion. The record clearly shows that the Model 1000 is simpler and involves no opportunity for human error. The operator need only turn on the machine and read the printed result. Counsel for defendant offers us no reason why an operator trained on the more complex Model 900 should not also be qualified to operate the simpler Model 1000. Lastly, the Pennsylvania Department of Transportation apparently does not regard the differences between the two models as significant, because it issues a single type of operator's license for all models of breathalyzers. There is nothing in the record to cause us to disagree with that view.

Defendant finally contends that the admission of Sgt. Raasch's testimony was so inflammatory and prejudicial that it denied him due process. Our answer is the record fails to demonstrate any prejudice at all, let alone prejudice of constitutional magnitude. Competent evidence is not prejudicial merely because it tends to prove the guilt of the defendant: State v. Thorton, 108 Ariz. 119, 493 P.2d 902, 904 (1972). Rather, evidence is prejudicial only if it tends to prevent the jurors from deciding the case impartially and upon its merits. See, e,g., Commonwealth v. Harvell, 458 Pa. 406, 327 A.2d 27 (1974); State v. Burke, 434 S.W.2d 240, 242 (1968). There is no indication that Sgt.

Raasch's conversion of defendant's blood alcohol level into the amount of alcohol he had consumed led the jury to return a verdict based on anything other that a logical and impartial consideration of the evidence. Rather than being prejudicial, the testimony of a competent expert witness on this point could be very helpful to the jury. As the Commonwealth suggests in its brief:

". . . testimony concerning what the blood alcohol level was should not be considered in a vacuum. Standing alone the jury has only a number (i.e., .18), but there is no way they can determine what this signifies without expert testimony. They don't know if this is a high level, a low level, or somewhere in the middle. They don't know if this signifies one drink or ten drinks. Since the amount of alcohol consumed is obviously relevant in an operating while under the influence case, expert testimony in this area is clearly acceptable." (Brief of Commonwelath at 1.)

## ORDER

And now, October 1, 1976, the motion for arrest of judgment and motion for a new trial filed by defendant, Lee Franklin Robinson, are hereby denied.