581 P.2d 257

The STATE of Arizona, Appellee,

v.

John David BEAN, Appellant.

No. 2 CA–CR 1274.

Court of Appeals of Arizona, Division 2.

April 11, 1978.

Rehearing Denied May 23, 1978.

Review Denied June 27, 1978.

---

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

Laber, Lovallo & Colarich, Ltd. by Joseph A. Lovallo and Charles P. Stirton, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of first degree conspiracy, unlawful offer to sell a narcotic drug and unlawful possession of a narcotic drug for sale. He was sentenced to a prison term on all three convictions. He contends the evidence established entrapment as a matter of law and that the court erred in the entrapment instructions given to the jury and its failure to give his requested instruction on entrapment.

■ As far as the evidence is concerned it must be viewed in the light most favorable to upholding the jury verdict. *State v. Turner,* 101 Ariz. 85, 416 P.2d 409 (1966). We do not believe that a lengthy recitation of the evidence is necessary. Suffice it to say that the testimony of Kathy Kennedy, a person who was working for the police in setting up the sale, shows that her conduct did not induce appellant to commit the crime contrary to his normal inclination. *State v. Kiser,* 26 Ariz.App. 106, 546 P.2d 831 (1976). Kathy was referred to appellant by another person. Therefore it can be inferred that he was already dealing in narcotics. Appellant set up the whole transaction. He picked up the seller and stated that after this sale of one ounce he would be glad to make further sales at his house. Furthermore, appellant referred to the supplier as "his people" on

**414**

more than one occasion. Appellant testified at trial and claimed that he was entrapped. There was therefore a jury issue on the question of entrapment and the evidence supports the jury's conclusion.

■ A more serious question is presented on the issue of the instructions. The court gave as an entrapment instruction RAJI, Criminal Defense 6, which states:

"The defendant has introduced the defense of entrapment.

Entrapment means that the following three things occurred:

1. The idea of committing the crime started with the law enforcement officers or their agents rather than with the defendant; *and*

2. The law enforcement officers or their agents urged the defendant to commit the crime; *and*

3. The defendant was not predisposed to commit the type of crime charged before the officers or their agents urged him to commit it.

If you determine that the defendant was entrapped, you must find the defendant not guilty."

Appellant contends the court erred in giving this instruction and in not giving his because the RAJI instruction does not tell the jury that the State must prove beyond a reasonable doubt that he was not entrapped. It is well-settled in Arizona that when the defense of entrapment is raised, the prosecution has the burden of establishing beyond a reasonable doubt that the accused was not entrapped. *State v. Mendoza,* 109 Ariz. 445, 511 P.2d 627 (1973); *State v. McKinney,* 108 Ariz. 436, 501 P.2d 378 (1972). In addition, it is reversible error to refuse to so instruct the jury. *McInturff v. State,* 554 P.2d 837 (Okl.Cr.1976); *Reed v. State,* 130 Ga.App. 659, 204 S.E.2d 335 (1974); *Notaro v. United States,* 363 F.2d 169 (9th Cir. 1966).

Did appellant properly object to the instruction given by the court and the failure to give his instruction? The record discloses appellant's objection as follows:

"As to Plaintiff's—or the State's instruction 14 and 16, I object to both of them being given since it only comments on the evidence and does not instruct the jury, but merely states that [sic] the law is. It doesn't instruct them as how to treat the evidence as received, and is a comment and a statement of the law and not an instruction on entrapment.

\*     \*     \*     \*     \*     \*

I object to the Court's refusal of this [defendant's] instruction on the grounds the entrapment instruction sets forth—is in fact an instruction, it is not a comment on the evidence but merely gives the jury all of the elements that are necessary for them to either convict or acquit on an entrapment defense.

Therefore, I feel that it should be given, and by not giving it I feel it is prejudicial error."

Rule 21.3(c), Arizona Rules of Criminal Procedure, states:

"No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The purpose of requiring an objection at trial is to allow the trial court to correct any error in the instruction. At no time did appellant state distinctly the infirmity in the instruction of which he is now complaining; to-wit, that the instruction fails to state that the burden of proof is on the State to show beyond a reasonable doubt that there was no entrapment. The same applies to appellant's objection to the failure to give his instruction.

Absent fundamental error on the part of the court in its instructions, appellant's objections were waived. Fundamental error is such error as goes to the foundation of the case, or which takes from the defendant a right essential to his defense. *State v. Gamble,* 111 Ariz. 25, 523 P.2d 53 (1974). We do not believe that the error here was

fundamental. In Arizona the defendant, in order to be entitled to claim the defense of entrapment, must admit the offense charged. *State v. Mendoza, supra.* There was, therefore, only one issue involved in this case. Was the defendant entrapped? The trial court instructed the jury that the burden of proof was on the State to prove every part of the crime charged beyond a reasonable doubt. It also instructed the jury that the defendant was not required to prove his innocence but was presumed by the law to be innocent; further, that the State must prove the defendant guilty beyond a reasonable doubt. Therefore, since there was only one issue it was implicit in the court's instructions that the burden of proof was on the State to prove beyond a reasonable doubt that he was not entrapped. Cf. *People v. Allen,* 35 Ill.App.3d 342, 341 N.E.2d 431 (1976).

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.