602 P.2d 831

The STATE of Arizona, Appellee,

v.

Tracy R. VAUGHAN, Appellant.

No. 2 CA–CR 1764.

Court of Appeals of Arizona,
Division 2.

Sept. 20, 1979.

Rehearing Denied Oct. 24, 1979.

Review Denied Nov. 14, 1979.

**164**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

James M. Elliott, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was convicted by a jury of burglary and theft of a motor vehicle. He admitted a prior felony conviction and was sentenced to the custody of the department of corrections for concurrent terms of 10 to 30 years for burglary with a prior conviction and nine to 10 years for theft of the vehicle. The sentences are modified to terms of imprisonment in the state prison and the judgment is affirmed as modified.

On appeal he contends he was denied a speedy trial and challenges the trial court's rulings in (1) permitting the amendment of the charges 12 days before the scheduled trial date to allege prior felony convictions, (2) allowing the state to cross-examine his codefendant, and (3) admitting statements made by the codefendant to the latter's probation officer.

■■ The record does not support appellant's claim that he was denied a speedy trial in violation of 17 A.R.S. Rules of Criminal Procedure, rule 8.2, or the United States and Arizona constitutions. He was arrested in Dalton, Ga., on May 11, 1978, waived extradition, made his initial appearance in Pima County on June 24, and was arraigned on June 28. Under rule 8.2, therefore, his trial should have commenced on or before September 26, that is, within 90 days of his arraignment, in the absence of excluded time under rule 8.4. Inasmuch as appellant's counsel obtained a continuance of 29 days and a severance resulting in an additional delay of 14 days, the rule 8.2 time limit was extended under rule 8.4(a) by 43 days to November 8. Appellant's trial commenced on November 7 and there was no violation of rule 8.2. His argument on constitutional grounds fails for lack of any showing of prejudice. *State v. Owens,* 112 Ariz. 223, 540 P.2d 695 (1975). That he was subjected to enhanced punishment by delay that allowed the state to obtain material on his prior convictions is not the prejudice required. *See State v. White,* 118 Ariz. 279, 576 P.2d 138 (App.1978). He has not demonstrated that his defense was hampered by the delay. *Cf. State v. Owens,* supra. Nor has he established a violation of his constitutional right to a speedy trial by any of the other items enumerated for consideration on the issue of prejudice in *State v. Soto,* 117 Ariz. 345, 572 P.2d 1183 (1977).

■ The trial court did not abuse the discretion afforded by A.R.S. § 13–1650(B) in granting the state's motion to amend to add the allegations of prior convictions. Though filed less than 20 days before the then scheduled trial date of October 24, 1978, the motion apparently was filed promptly after the prosecutor was able to verify the prior convictions, bringing it

within the exception to the preclusion of rule 16.1(c). Appellant's counsel was offered a continuance by the trial court if additional time was needed to prepare a defense. In fact, the trial did not commence until 20 days after the motion was filed.

■ Appellant's codefendant implicated appellant in statements given to police officers shortly after his arrest. After severance but prior to appellant's trial, the codefendant entered into a plea agreement. Thereafter, in an interview by the prosecutor and subsequent deposition, he recanted his earlier statements and denied that appellant had participated in the crimes. In view of the conflicting statements and the codefendant's unwillingness to testify against appellant, it was not error to call him as the court's witness, subjecting him to cross-examination by all parties. 17A A.R.S. Rules of Evidence, rule 614. His credibility was subject to attack by the prosecution in any event. 17A A.R.S. Rules of Evidence, rule 607. Testimony by a police officer that the witness had told him appellant claimed to have killed someone was properly admitted as evidence of the witness's fear of appellant, thereby tending to discredit him. *See United States v. Cerone,* 452 F.2d 274 (7th Cir. 1971), cert. den. 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972). Nor does it appear that there was any timely objection or motion to strike that testimony.

■ Finally, appellant argues the codefendant's inconsistent statements to his probation officer regarding appellant were admitted in violation of the rule precluding the use of any statement made in connection with a presentence report "in any proceeding bearing on the issue of guilt." 17 A.R.S. Rules of Criminal Procedure, rule 26.6(d)(2). The purpose of the rule is to encourage a defendant to be candid with the probation officer preparing the report. *See State v. Sepulveda,* 120 Ariz. 178, 584 P.2d 1169 (App.1978). It has no application to a proceeding bearing on the issue of the guilt of someone other than the declarant.

Affirmed as modified.

HOWARD and HATHAWAY, JJ., concurring.