705 P.2d 1384

**STATE of Arizona, Appellant,**

v.

**Oscar BURCIAGA, Appellee.**

**No. 1 CA–CR 8193.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 29, 1985.

**334**

David S. Ellsworth, Yuma Co. Atty. by Philip Hall, Deputy Co. Atty., Yuma, for appellant.

Roberson & Shelley by Jerrold F. Shelley, Yuma, for appellee.

## OPINION

CORCORAN, Judge.

The state appeals pursuant to A.R.S. § 13–4032(7) from the trial court's order granting defendant's motion to suppress statements made by the defendant in connection with the preparation of a presentence report in a prior unrelated case.

The issues presented are:

(1) Whether rule 26.6(d)(2), Arizona Rules of Criminal Procedure, precludes statements made by defendant during preparation of a presentence report in one case from being admitted at the trial in a later unrelated case; and

(2) Whether defendant's prior conviction for theft is admissible in the state's case in chief to rebut the defense of entrap-

ment in a case charging attempted trafficking in stolen property.

We affirm.

Defendant, Oscar Burciaga, was charged by indictment with one count of attempted trafficking in stolen property. He filed a notice of defenses which included lack of criminal intent and entrapment. At the omnibus hearing, the state announced its intention to introduce evidence of defendant's prior conviction in 1983 for theft for the purpose of proving his criminal intent in the instant case and to rebut the defense of entrapment. The state also stated its desire to use a statement made by defendant in connection with the preparation of his presentence report in the prior theft case to prove his predisposition to traffic in stolen property.

Defendant was previously convicted of theft in Yuma County Superior Court in CR–11608. Following his conviction, he made a statement to the probation officer concerning his involvement in the offense. That statement was included in the presentence report as follows:

> I bought the motorcycle from a man named "Burro," who drives a white van. He told me, "I got a hot bike. Do you want to buy it? I'll take $50.00 for it right now." So I gave him $50.00. I knew a person who would buy it for $200.00 and I would make $150.00. I was just acting as the middleman.

The trial court granted defendant's motion *in limine* and denied the state's request to use the statement made by the defendant to the probation officer. The trial court also ruled that the prior conviction for theft would not be admissible in the state's case in chief but could be used for impeachment purposes. The state filed a motion to dismiss the case for the purpose of appealing the trial court's rulings. The court granted the motion to dismiss without prejudice.

## ADMISSIBILITY OF STATEMENTS IN PRESENTENCE REPORT

Rule 26.6(d)(2) provides:

Neither a pre-sentence report nor any statement made in connection with its preparation shall be admissible as evidence in any proceeding *bearing on the issue of guilt.*

(Emphasis added.) The comment to the rule provides:

Paragraph (2) insures that when a defendant is tried after a pre-sentence report has been prepared, the pre-sentence report and any statement made in connection with its preparation are admissible only on the question of the sentence to be imposed, in order to encourage the defendant to be completely candid with the probation officer preparing the report.

■ The state contends that rule 26.-6(d)(2) does not preclude the admission of statements contained in a presentence report from being admitted at the trial of a later unrelated case. However, the trial judge ruled the purpose of full disclosure would be defeated if statements made to the probation officer in the presentence interview could be utilized against the defendant in a subsequent proceeding. We agree with that interpretation of the rule.

The two cases interpreting rule 26.6(d)(2) deal with situations involving trial on the same charges, *see State v. Vaughan,* 124 Ariz. 163, 602 P.2d 831 (App.1979); *State v. Sepulveda,* 120 Ariz. 178, 584 P.2d 1169 (App.1978). However, we find that the rule also precludes the admission of statements in a later unrelated case.

As defendant points out, a defendant facing sentencing is frequently encouraged, both by his attorney and the probation officer, to be candid so that the recommendations contained in the presentence report will be appropriate. The language of the rule "in any proceeding bearing on the issue of guilt" supports our conclusion that the rule precludes the admissibility of such statements. The trial court was correct in determining that the statement was not admissible pursuant to rule 26.6(d)(2).

We limit our holding to the applicability of the rule to the admissibility of *defendant's statement.* Because the state does not argue that the admission of the state-ment would not violate defendant's Fifth Amendment privileges, we specifically do not address any Fifth Amendment implications of the trial court's ruling.

## ADMISSIBILITY OF PRIOR CONVICTION

The state contends the trial court erred in determining that defendant's prior conviction was not admissible in its case in chief to show predisposition and to rebut defendant's defense of entrapment. Generally, evidence of prior convictions may only be used to impeach. *See,* rule 609, Arizona Rules of Evidence. Prior convictions are also admissible for purposes specified in rule 404(b), e.g. proof of motive, intent, opportunity, but are not admissible to show predisposition.

The broad general rule is that the prosecution, in a criminal case, may not offer evidence of other unrelated criminal acts of the accused where the evidence has only the limited probative value which arises from the fact that one who has once violated the law is more likely to do so again. But evidence of another criminal act will be admitted if it directly establishes some essential element of the crime charged, or has independent relevancy for some purpose other than showing a probability that accused committed the crime on trial, merely because he is of criminal character.

M. Udall, *Arizona Law of Evidence* § 115 (1960). A limited exception has been created concerning the entrapment defense.

■ Defendant has raised the defense of entrapment. It is well settled in Arizona that when the defense of entrapment is raised, the state has the burden of establishing beyond a reasonable doubt that the accused was not entrapped. *State v. Bean,* 119 Ariz. 412, 581 P.2d 257 (App.1978). When entrapment is raised, the state may properly introduce evidence of similar *conduct* for the purpose of showing predisposition. *State v. Vallejos,* 89 Ariz. 76, 358 P.2d 178 (1960). However, the past conduct must be of a *sufficiently similar nature* to the crime charged to show a predis-

position to commit that crime. *State v. Ross*, 25 Ariz.App. 23, 540 P.2d 754 (1975). In *Ross* the prosecution sought to introduce facts of a prior incident which occurred between the accused and the police. Here the prosecution seeks to introduce evidence of a prior conviction.

 The issue here is whether defendant's prior conviction for theft was an act of sufficiently similar nature to the crime of trafficking in stolen property. Although it is admittedly close, we hold that a prior conviction for theft is not of a sufficiently similar nature to the crime of trafficking in stolen property to show a predisposition to commit that crime. *See State v. Ross, supra.* This conclusion is buttressed by our long-standing rule that the trial court is given broad discretion in determining whether to admit evidence of a prior bad act, and the exercise of that discretion will not be reversed on appeal absent an abuse of discretion. *State v. Romero*, 130 Ariz. 142, 634 P.2d 954 (1981); *State v. Clark*, 126 Ariz. 428, 616 P.2d 888, *cert. denied*, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). In this case, the trial court carefully considered the use of the prior felony conviction, and determined that it would be admissible for impeachment purposes only, in the event the defendant testified, and not in the state's case in chief to show predisposition. The trial court's ruling did not constitute an abuse of discretion.

For the foregoing reasons, the trial court's order granting appellee's motion to suppress is affirmed.

EUBANK and FROEB, JJ., concur.