423 P.2d 127

**STATE of Arizona, Appellee,**
**v.**
**Leroy Walker POWELL, Appellant.**
**No. I CA–CR 6I.**

Court of Appeals of Arizona.
Jan. 31, 1967.

Darrell F. Smith, Atty. Gen., by Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Anne Kappes, Phoenix, for appellant.

McBRYDE, Judge of the Superior Court.

Defendant was charged, tried, and found guilty by a jury of the crime of Grand Theft by Embezzlement, in violation of A.R.S. §§ 13–681, 13–682, and 13–688 as amended in 1956. He was sentenced to serve a term of not less than two years, nor more than three years in the Arizona State Prison, commencing on June 7, 1965. From this judgment of conviction the Defendant brings this appeal.

Defendant was employed as a night-attendant, from 6 P.M. to 6 A.M., at a service station in Glendale, Arizona, and was on duty the evening of September 7, 1964, when the station manager left around 7:30 P.M. At 6 P.M. when defendant went on duty

there was $49.94 in the cash box kept on the "island" of the station. Defendant later was seen by a police officer at about 2 A.M. at which time he was sitting inside the station, which was lighted, and appeared to be sleeping. The police officer again stopped at the station at 5:05 A.M. on September 8, 1964, at which time the station was lighted, the door was open, but the defendant was not present. The station manager was notified, came to the station, and upon inventorying, determined that there should be $213.00 in the cash box, which was found inside the station, but such box contained only charge tickets in the amount of $43.55. No cash was found in the cash box, and the charge of grand theft by embezzlement was subsequently filed against the defendant.

Defendant maintains that he was held up at the station by two men, whom he can only sketchily identify, some time after midnight; that they forced him at gun point to give them the money in the cash box and then abducted him, forcing him to drive them to Texas in his own car. He testified that the two men attacked him and left him by the side of the road near Kleburg, Texas, taking his car, which he has not seen since that time. Defendant claims he awoke in the Johnson County Hospital, from which he was released after an overnight stay. He sought and found a service station operator he knew, who thought there was something wrong and called the city police department; that he was picked up and put in the city jail, from which he was sent to the county jail and then to the State Hospital. Defendant testified that at that time he remembered nothing about the robbery and abduction, but that after treatments and medication his memory started coming back; that he remembered sketches of what happened from his doctors and that in November of 1964, one of the doctors told him there was a criminal charge pending against him.

Evidence was presented by the State, of Roy Brockway who testified that he was the Sheriff of Kaufman County, Texas; that

on February 19, 1965, he went to the Terrell State Hospital, Terrell, Texas, with a warrant from Arizona and had defendant released from the hospital to him. That during the automobile trip from the State Hospital to the Kaufman County, Texas, jail, Sheriff Brockway informed the defendant that he was under arrest on the Arizona warrant and informed him of the charges against him, and that during a conversation with defendant while defendant was in custody under the warrant, he made certain statements to the Sheriff. At a hearing held before the Court in the absence of the jury, Sheriff Brockway testified that he did not advise defendant of his rights; that he made no threats or coercions to adduce defendant to make a statement; and that he did not use any promises or inducements. Thereafter, the Court ruled that the oral confessions or admissions made by defendant to the Sheriff were free and voluntarily made and would be admitted into evidence. The Sheriff then testified before the jury that the defendant "was definitely under arrest"; that he did not tell defendant of any legal rights to counsel or that statements made would be used against him. Also, that he asked defendant if he wanted to be extradited to Arizona, that defendant answered that he was guilty and wondered if he could get probation; and that the Sheriff told him he did not know the whole nature of the charge at that time.

The testimony of this principal conversation between the Sheriff and the Defendant is in conflict. The defendant claims that the Sheriff had informed him of the charge and that he was under arrest. He also claims that he told the Sheriff that he was not guilty of the crime he was charged with, but that he asked if he were guilty, did the Sheriff think he would get probation.

Two questions are presented by Defendant on appeal: (1) Whether evidence that defendant made inculpatory statements to the Sheriff while in his custody under a warrant of arrest charging the offense for which he was tried and while he was without the assistance of counsel, although counsel was not requested, is admissible when defendant was not advised of his right to counsel or that he had a right to remain silent, or that anything he said would be used against him; and (2) Whether the complained-of instruction by the Court constitutes a comment on the evidence in violation of Article 6, Section 27 of the Arizona Constitution, A.R.S., by taking from the jury the question of whether defendant did in fact make the oral confession and incriminating statements.

■ The second question raised by Defendant will be first considered here. Defendant's contention in this question is that the complained-of instruction constituted a comment on the evidence in violation of Art. 6, Sec. 27 of Arizona Constitution by taking from the jury the question of whether defendant did in fact make the oral confessions and incriminating statements. We do not think this to be so. The lower court did properly conduct a hearing outside the presence of the jury and did make a determination as to the voluntary essence of such oral admission or confessions and admitted the same into evidence. We feel that the instruction given was legally correct, although not necessarily the best or the recommended instruction. However, since no objection was made by the trial counsel to the form of the instruction, the question cannot now be raised on appeal by the appellant counsel. State v. Monks, 1 Ariz. App. 518, 405 P.2d 456 (1965), 17 A.R.S. Rules of Criminal Procedure, 495, Rule 272, 17 A.R.S. Rules of Criminal Procedure, 493, Rule 51, and other cases cited therein. And although this Court must search the record for fundamental error in all criminal appeals, A.R.S. Section 13-1715, in the instant case, after examining the record, transcript and trial court's instructions as a whole, it is our opinion that the defendant was not prejudiced by the trial court's instruction and no reversible error was found as to such instruction.

■ The first question raised by Defendant will now be considered. Defendant's contention is that the admission of

Sheriff Brockway's testimony resulted in a violation of defendant's rights under the 6th and 14th Amendments to the United States Constitution by reason of the following circumstances: defendant was in the custody of law enforcement officer, Sheriff Brockway, under arrest on an Arizona warrant charging the offense for which he was later tried, and therefore, the crucial accusatory stage of the proceedings had been reached; defendant at that time had a right to remain silent and to have the assistance of counsel; that the Sheriff did not advise defendant he had a right to counsel or that he need not make any statement, and that his statements could be used against him, and that in the absence of such advice, there could be no valid and intelligent waiver of the right to counsel or his right to remain silent. At the time of the alleged statements, defendant was being transported from a mental institution where he had been hospitalized for several months and from which he had just been released into the custody of the officer, and his ability at that moment to make a rational waiver of his rights cannot be assumed. The defendant has cited cases the gist of which are that the right of counsel matures at this critical accusatory stage; the right does not originate in the accused's assertion of it. Counsel also cited cases which hold the right to counsel at the accusatory stage is absolute and there must be an express and intelligent waiver of the right before any pretrial statements made by the accused while he is in custody may be admitted into evidence, and the failure to request counsel does not constitute such a waiver. Cited also to the contrary effect, holding that an affirmative request for counsel is required, were State v. Miranda, 98 Ariz. 18, 401 P.2d 721 (1965); State v. Sherrick, 98 Ariz. 46, 402 P.2d 1 (1965). The defendant speculated, and correctly so, that the whole matter might be definitely settled by decision in matters which at the time of this appeal were before the United States Supreme Court; however, this Court cannot consider such decisions in their entirety in determining the case at bar, as shown hereinafter.

We cite with approval the language of the court in the recent case of State v. Intogna (decided October 13, 1966), 101 Ariz. 275, 419 P.2d 59 (1966): "The recent case of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 [1966], held that Escobedo v. State of Illinois, supra, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 [1966], were not to be applied retroactively, and as the trial in the instant case was after Escobedo and before Miranda," (as in this case) "only the holding in Escobedo is controlling. In Escobedo v. State of Illinois, supra, the United States Supreme Court stated: 'We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied "the Assistance of Counsel" in violation of the Sixth Amendment of the Constitution as "made obligatory upon the States by the Fourteenth Amendment," Gideon v. Wainwright, 372 U.S. 335, at 342, 83 S.Ct. 792, at 795, 9 L.Ed.2d 799 [1963], and that no statement elicited by the police during the interrogation may be used against him at a criminal trial,' [Escobedo v. State of Illinois,] 378 U.S. [478] at 490, 84 S.Ct. [1758] at 1765 [12 L.Ed. 977 (1964)]. * * * Explaining what was meant by an investigation having 'begun to focus on a particular subject', the United States Supreme Court in Miranda v. State of Arizona, stated: '* * * By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any

significant way. \* \* \* This is what we meant in Escobedo when we spoke of an investigation which had focused on the accused.' [Footnote by the court] 384 U.S. 436 at 444, 86 S.Ct. 1602 at 1612."

In the second Owen case, State v. Owen, 101 Ariz. 156, 416 P.2d 589 (1966), our Arizona Supreme Court, applying the Escobedo decision, commented as follows:

"It should be noted the trial court found that defendant had not requested an attorney and had not been denied an opportunity to consult with a lawyer; *also that he had been effectively warned of his absolute constitutional right to remain silent.* (emphasis supplied) In Escobedo, the court found that two of the conditions for holding the confession to be involuntary were that (1) the defendant had requested and been denied counsel, and (2) that he had not been effectively warned of his constitutional right to remain silent. \* \* \*"

In the case at bar, the trial judge determined after a hearing, outside the presence of the jury, that the oral admissions or confessions made by the defendant to the law enforcement officer were free and voluntarily made, and that the said admissions or confessions would be admitted into evidence. Statements or admissions, be they exculpatory or inculpatory, which have been elicited by the police in violation of a defendant's constitutional rights, are subject to the same exclusionary rules as a confession. State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964).

The case at bar was tried before Miranda and the lower court did not have the benefit of that decision as to the meaning of Escobedo. In determining whether the case had passed to the accusatory stage, we must apply the rule in Escobedo, as construed and explained in Miranda. Contrary to the position taken by the State,

it seems indisputable to this Court that the accusatory stage had been reached: formal charges had been filed naming the Defendant; Sheriff Brockway had a warrant of arrest, had obtained the actual physical custody of the defendant, and had formally advised defendant of the charges against him. Additionally, the defendant had not been warned that any statements made by him could be used against him or that he had a right to remain silent; and further, the admission or confession is disputed.

Under Escobedo and the guide lines as laid down by our own Supreme Court in Owen and in Sherrick which were the applicable rules of law at the time of the instant trial, it was not necessary to advise the defendant of his right to counsel, but the further requirement of advising the defendant of his absolute constitutional right to remain silent was not met, and under the further reasoning of State v. Intogna, as amplifying or interpreting the Escobedo decision, it is the opinion of this Court that the statement of the defendant was not admissible, and therefore the case must be reversed. As we have pointed out, the trial court did not have the benefit of the later Miranda decision, explaining Escobedo, and the later Intogna decision at the time of trial. We take the position that we must adhere to the principles enumerated by the United States and our own Supreme Court and reverse.

Reversed and remanded.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge E. D. McBRYDE was called to sit in his stead and participate in the determination of this decision.