536 P.2d 1044
**STATE of Arizona, Appellee,**
v.
**Gary J. STAUFFER, Appellant.**
**No. 3143.**

Supreme Court of Arizona,
En Banc.
June 20, 1975.
Rehearing Denied July 14, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Richard Schmal, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This court has jurisdiction of the instant case pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

A car carrying approximately 200 pounds of marijuana was under surveillance from Yuma to a Tempe residence by the Yuma County Task Force, first, and then the Maricopa County Sheriff's Department. The driver of the vehicle had been arrested in Yuma and the contraband found; he agreed to turn informant and continue the shipment to Tempe. Upon arrival, he backed the vehicle into the garage of the house and the garage door was closed. When

the vehicle later left, the car was stopped and searched; no marijuana was found. The driver said he left the packages of contraband in the garage and that he did not know the intended recipients. An officer testified that his plan at the time was to ascertain that the residence was the destination and then get a search warrant. However, a second car backed into the garage and when it left, it was stopped. The driver of that vehicle threw out the trunk key but an officer testified that the odor of marijuana was clearly coming from the trunk. Another vehicle had by this time stopped in front of the house, but when it left, the officers were unable to stop it. One officer was gone in the process of obtaining a warrant, but it was felt that the marijuana was being rapidly "dealt off" and that the occupants of the house should be arrested then for possession of marijuana and the house secured until the search warrant was obtained.

Officers knocked on the door of the house and advised the occupants, of which the appellant Gary Stauffer was one, that they were under arrest. Upon the entry, the house was searched for two to three minutes for other occupants during which time the marijuana was observed in a bedroom and in the garage. The search warrant was subsequently executed at the residence and the marijuana was seized.

Stauffer was arrested June 28, 1973, and charged with possession of marijuana for sale the following day. He was tried and found guilty of a violation of A.R.S. § 36-1002.06 on May 20, 1974. He now appeals.

Three issues have been presented by the appellant for consideration: 1) the lawfulness of the arrest and the subsequent seizure of the contraband, 2) the denial of the motion to reconsider and suppress the evidence on the basis of "collateral estoppel and/or res judicata," 3) the denial of the right to a speedy trial.

 Stauffer was arrested when his freedom of movement was restricted by the police. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959);

State v. Edwards, 111 Ariz. 357, 529 P.2d 1174 (1974). If there is no question of a forcible or unlawful entry into the house, an arrest without a warrant is valid if based on probable cause. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Taylor v. Arizona, 471 F.2d 848 (9th Cir. 1972), cert. denied, 409 U.S. 1130, 93 S.Ct. 948, 35 L.Ed.2d 262 (1973). There is probable cause if the arresting officer has a sufficient knowledge of facts and circumstances to justify a man of prudence and reasonable caution to believe that a felony has been committed. Ker v. California, supra; State v. Edwards, supra. If an arrest is made without probable cause, neither it nor a subsequent search can be justified. Henry v. United States, supra; State v. Edwards, supra. Probabilities are not certainties but are "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). The officers clearly had reason to believe that the occupants of the house, whomever they turned out to be, were in possession of marijuana, and were in the process of having it removed from the premises quickly. There was probable cause to make the arrests of the occupants although they could not conclusively be identified.

 The arrest of a man at home does not justify a search of his house. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Rubin, 474 F.2d 262 (3d Cir. 1973). A cursory search for others at the home was not challenged, however, in Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). The warrantless search with which we are concerned lasted two to three minutes and was completely justifiable as a quick search for other occupants of the house who either could have posed a danger to the officers or could have continued the removal of the marijuana. The police merely secured the house and waited for

the search warrant before they seized the obvious contraband. This was a procedure more careful than that approved in United States v. Rubin, *supra*. We find no basis upon which to reverse the ruling of the trial court.

■ The issue of res judicata "and/or" collateral estoppel is not appropriately raised in this case. A codefendant's motion to suppress the evidence was granted. The principles of res judicata and collateral estoppel apply to future litigation between the same parties.

"[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

■ Collateral estoppel is incorporated in the Fifth Amendment guarantee against double jeopardy binding on the states through the due process clause of the Fourteenth Amendment. Ashe v. Swenson, *supra*. It is not applicable to this case because the parties to the motion to suppress the evidence were different. Stauffer's motion to reconsider was properly denied.

■ Finally, the appellant contends that he was denied his constitutional right to a speedy trial because of the eleven-month period that elapsed between his arrest and trial. There are four primary criteria which the United States Supreme Court has set forth by which the right to a speedy trial is to be judged: length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. McDonald, 111 Ariz. 159, 526 P.2d 698 (1974). Stauffer waived his right to a trial within sixty days as provided by the former Arizona Rules of Criminal Procedure, but this is not conclusive. While the further delay was lengthy, it was in good part caused by the defendant who

stipulated to a continuance, filed an affidavit for a change of judge, moved to suppress the evidence, moved to dismiss, and moved for a reconsideration. Since he also has not shown in what way he was prejudiced by the delay except alleging that three people who lived at the Tempe house have left the state, we cannot say that his constitutional right was violated.

The sentence of the appellant was suspended and he was placed on probation for two years.

The judgment of guilt is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.