560 P.2d 814

The STATE of Arizona, Appellant,

v.

Julie Marie NETTZ, aka Lucy Sam, aka Lucy Heller, aka Julie Van Soveran, aka Lucy Van Soveran, aka Sam Heller, aka Julie Heller, aka Rev. Sam Heller, Appellee.

No. 2 CA–CR 850–2.

Court of Appeals of Arizona, Division 2.

Feb. 1, 1977.

Bruce E. Babbitt, Atty. Gen., Phoenix, Stephen D. Neely, Pima County Atty., by Barbara S. Gelband, Deputy County Atty., Tucson, for appellant.

298

Pain & Julian by Harry L. Howe and Fred J. Pain, Jr., Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

On October 1, 1974, defendant, Julie Marie Nettz, endorsed two dividend checks payable to Ivan Heller with the name of Ivan Heller. She was found guilty of forgery, A.R.S. § 13–421(A)(1) by a jury on July 31, 1975. The trial judge, however, granted her motion to vacate judgment and sentence pursuant to Rule 24.2, Rules of Criminal Procedure. The state appeals this ruling.

■ The crime of forgery has three elements: (1) signing the name of another person, (2) intent to defraud, and (3) knowledge that there is no authority to sign. A.R.S. § 13–421(A)(1). At trial, defendant admitted signing the endorsements. Therefore the crucial issues were the existence of intent to defraud and lack of authority to sign. The evidence most heavily relied on by the state consisted of a temporary restraining order served upon defendant on September 23, 1974, which prohibited her from "wasting, disposing, or secreting" property of Ivan Heller, or property given to her within the past year by Ivan Heller. The form of the temporary restraining order and manner of obtaining it violated the requirements of Rule 65 of the Arizona Rules of Civil Procedure.

Defendant argued that the temporary restraining order was invalid and therefore was ineffective to revoke her authority to sign the checks. Therefore, since the temporary restraining order formed a major part of the state's case she contended that the judgment should be vacated. The order which is the subject of this appeal states no reason for granting relief, therefore we must review the record in search of supporting grounds. Defendant's motion to vacate asserted newly discovered evidence as a basis and that the conviction was obtained in violation of the United States and Arizona Constitutions. She also alleged ineffective assistance of counsel.

■ The newly discovered evidence relied on by the defendant consisted of the defects in the temporary restraining order. The facts indicating the temporary restraining order's alleged invalidity could easily have been discovered by defense counsel at the time of trial. Nearly all of the defects were visible on the face of the order with which counsel was familiar. Any other defects, such as lack of security, are apparent from the record, which was also available to defense counsel. Under Rule 32.1, Rules of Criminal Procedure, the court in granting relief based upon the existence of newly discovered facts, must consider "The diligence which would have been required to discover and produce the evidence at trial . . ." It is the rule in Arizona that the facts alleged to be newly discovered must have come to light after the trial and must not have been discoverable through reasonable diligence during the trial. *State v. Thornburg*, 111 Ariz. 254, 527 P.2d 762 (1974); *State v. Schantz*, 102 Ariz. 212, 427 P.2d 530 (1967); *State v. Anderson*, 17 Ariz. App. 555, 499 P.2d 169 (1972). Therefore defendant's claim of newly discovered evidence did not warrant relief.

■ Defendant's contention that she was denied effective assistance of counsel is also not a sufficient basis for vacating the judgment. On examining the record, we cannot conclude that defendant's counsel was so ineffective as to render the trial a farce or sham. *State v. McKinney*, 108 Ariz. 604, 503 P.2d 946 (1972); *State v. Bates*, 111 Ariz. 202, 526 P.2d 1054 (1974).

Defendant's strongest argument in favor of vacating the judgment arises out of the defects in the temporary restraining order. She contends the order was invalid and could not revoke her authority to sign checks, thus a necessary element of forgery is lacking. The temporary restraining order does not comply with Rule 65, Rules of Civil Procedure, in a number of ways. It does not indicate the date and hour of issuance and gives no reason for its issuance. The terms of the order do not define the injury, or state how it is irreparable, and there is no explanation for the absence of

notice. Furthermore, no security was given or provided for. It may also be argued that the temporary restraining order was so vaguely worded that it failed to clearly define all actions prohibited.

■ Division One of this court has held "that temporary restraining order cannot issue and . . . become an enforcible order unless and until the trial judge fixes a bond and the bond is posted." *Bayham v. Funk*, 3 Ariz.App. 220, 413 P.2d 279 (1966). There is authority to support this holding. 17 Am.Jur.2d Contempt, § 43, p. 49. Since the temporary restraining order in this case was issued without posting of security, it was unenforcible and incapable of revoking any authority which defendant had to sign the checks.

■ Arguably Arizona may eventually adopt the federal rule and hold that deficiencies such as these in the proceedings by which a temporary restraining order is obtained will not render it void.[1] However, at the time this order was issued, the law in Arizona was that a temporary restraining order issued without fixing of bond was void.

■ Having decided that the temporary restraining order could not be used to prove lack of authority, we must determine whether the prosecution's use of the order at trial tainted the conviction requiring that it be set aside although no objection to its use was made. The court has power to set aside a conviction despite lack of objection at trial, if fundamental error was committed. *State v. Ferrari*, 112 Ariz. 324, 541 P.2d 921 (1975); Udall, Arizona Law of Evidence, § 12, Supp. p. 14 (1973). Funda-

mental error is "such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense." *State v. Cassius*, 21 Ariz.App. 78, 515 P.2d 903 (1973), vacated on other grounds, 110 Ariz. 485, 520 P.2d 1109 (1974); *State v. Pulliam*, 87 Ariz. 216, 349 P.2d 781 (1960). Denial of a fair trial would be such error. The courts of this state recognize that "The Arizona Constitution has guaranteed to everyone a fair trial, and this type of trial cannot be had if highly prejudicial matter is used to secure a conviction." *State v. Polan*, 78 Ariz. 253, 261, 278 P.2d 432, 438 (1954).

■■ It was not an abuse of discretion for the trial judge to find that the state's extensive use of the temporary restraining order throughout the trial and in the closing argument resulted in depriving defendant of a fair trial. Contrary to defendant's assertions, the temporary restraining order was not the sole basis of the prosecution's case. Regardless of the temporary restraining order, the jury might have decided that she never had authority to sign the checks. In this event, the temporary restraining order, purporting to take away any existing authority, would be irrelevant. Despite this possibility, we affirm the trial judge's decision to vacate the judgment because the prosecution so frequently called attention to defendant's violation of the temporary restraining order that it is probable that her violation either formed the sole basis of the conviction or else greatly influenced the jury. There was direct evidence in the form of testimony by defendant and a close friend of hers, from which the jury could have concluded that Mr. Hel-

---

1. The continuing validity of the holding in *Bayham v. Funk* is questioned in the State Bar Committee Note on the repeal of Rule 65(f). The committee notes the existence of contrary federal authority cited in the specially concurring opinion in *Bayham v. Funk*, supra. The committee espouses the viewpoint that ". . . if in some instance security is omitted, the proper remedy is either a motion for security or an appeal, but not disobedience of the order." Also, there is authority to the effect that failure to state the reasons for issuance of a restrain-

ing order makes it void. 43 C.J.S. Injunctions § 210, p. 940. There are no holdings in Arizona regarding restraining orders. However, an injunction is not void even though such omission violates Rule 65(h), Rules of Civil Procedure. *Laks v. Laks*, 25 Ariz.App. 58, 540 P.2d 1277 (1975). The federal courts do not consider a restraining order or an injunction which violates the federal equivalent of Rule 65(h) to be void. Wright & Miller, Federal Practice & Procedure, Vol. 11, § 2955, p. 538 (1973).

ler had given the defendant authority to sign the checks.[2]

There was also circumstantial evidence from which the existence of authority could be inferred. The defendant and Mr. Heller had lived together for about a year and had joint checking and savings accounts. The defendant testified that they were engaged to be married. The state points out that the defendant used the checks to keep her home and church operating. This use was not necessarily an unauthorized appropriation of money in view of the fact that her home was also Mr. Heller's home, because they were living together at the time of his last illness. Also, Mr. Heller had spent large sums of money to improve this home. Furthermore, defendant's church and her home consisted of the same premises since her home was also the headquarters of her church. Mr. Heller was financially involved in the operations of her church. In view of her testimony that the checks were given to her for payment of expenses, an additional indication that she was authorized to use the checks is her payment of $2,000 of Mr. Heller's medical bills. The fact that Mr. Heller's estate was later billed for reimbursement of the $2,000 is not inconsistent with the conclusion that she had authority to sign the checks. During defendant's sentencing, the judge took note of the fact that "all of this money (excepting $200 to $400) . . . was used to pay bills on matters that Mr. Heller was interested in and participated in . . ."

We must follow the rule that "an application to open, vacate or set aside a judgment is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion." *Eldridge v. Jagger*, 83 Ariz. 150, 317 P.2d 942 (1957). Since we find no clear abuse of discretion, we do not interfere.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.

2. The jury was free to disregard this testimony because it came from interested persons. *State v. Pieck*, 111 Ariz. 318, 529 P.2d 217 (1974).