584 P.2d 1169

**STATE of Arizona, Appellee,**

v.

**Frank Roy SEPULVEDA, Appellant.**

**No. 1 CA–CR 2392.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 2, 1978.

Supplemental Opinion on Denial of
Rehearing Sept. 12, 1978.

Review Denied Oct. 5, 1978.

Bruce E. Babbitt, Atty. Gen. by Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Mickey L. Clifton, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The main issue on this appeal is whether statements made by a criminal defendant to a probation officer in preparation of a pre-sentence report as a result of an agreed submission and finding of guilt subsequently withdrawn may be introduced in the trial of the defendant on the criminal charge involved.

The defendant-appellant, Frank Roy Sepulveda, was charged and convicted of an assault with a deadly weapon arising out of his shooting an individual in a downtown Phoenix bar. The defendant took the stand and admitted the shooting, but attempted to raise the issue of self-defense.

Prior to his jury trial, the defendant was originally charged on November 23, 1975 and released on that date on bail. An information was filed on December 22, 1975, and on April 21, 1976, the defendant submitted the issue of his guilt or innocence to the trial court based upon the preliminary hearing transcript. This was done in reliance upon a discussion between the trial judge, the prosecutor, and defendant's counsel, where the trial judge indicated that the matter would probably be treated as a misdemeanor, with the appellant receiving a suspended sentence.

On May 4, 1976, the trial court found the defendant guilty of aggravated battery, open end. Following the determination of guilt, the defendant submitted himself to an interview with a probation officer for the preparation of a pre-sentence report. In this interview, the defendant made incriminating statements. The final pre-sentence report recommended that the matter be treated as a felony and that the defendant receive a minimum period of incarceration in the Arizona State Prison.

After receipt of the pre-sentence report, defendant's counsel moved to withdraw the submission, based upon the previous understanding that misdemeanor treatment would be afforded and the contrary probation recommendation that the matter be treated as a felony. On July 26, 1976, the trial court granted this motion, set aside the submission, reinstated the information, and set the matter for trial.

On August 25, 1976, the defendant moved for dismissal for violation of time limits imposed by Rules 8.2 and 8.4, Arizona Rules of Criminal Procedure. This motion was denied and a jury trial commenced on September 3, 1976.

At trial, after the state had rested, the defendant took the stand and testified that the victim had "kind of hit and grabbed my shoulder." On cross-examination, the deputy county attorney requested that the defendant demonstrate on him exactly how the defendant's shoulder was grabbed. Defense counsel objected to this demonstration, but was over-ruled, and the demonstration was performed before the jury.

At the close of the defense's case, a conference was held in chambers to discuss the state's calling the probation officer who had prepared the earlier pre-sentence report as the state's rebuttal witness. The defendant objected, was over-ruled and the probation officer was permitted to testify before the jury as to the incriminating statements made to him by the defendant.

The jury was instructed on reasonable doubt and told that the state must prove beyond a reasonable doubt that the defendant did not act in self-defense. No objections were made to these instructions. The jury found the defendant guilty and he was sentenced to a term of 8 to 10 years in the Arizona State Prison. This appeal followed.

The defendant raises the following issues on appeal:

1. That trial time limits imposed by the Arizona Rules of Criminal Procedure were violated and that his constitutional rights to a speedy trial were violated.

2. That requiring the defendant to submit to the in-court demonstration was error.

3. That allowing the probation officer to testify to statements made in connection with a pre-sentence report for a finding of guilt which was set aside was error.

4. That the trial court improperly instructed the jury on reasonable doubt.

5. That the trial court erred in denying defendant's motion for a directed verdict.

Since the issues concerning the Rule violation of trial time limits and the use of the probation officer's testimony raise substantial questions, these will be discussed first.

## TIME LIMITATION VIOLATION

The defendant contends that since he was charged in this matter on November 23, 1975 and not tried until September 3, 1976, the 120-day limit imposed by Rule 8.2 for bringing the defendant to trial was violated.

■ In our opinion, the reasoning in *State v. Doskocil*, 113 Ariz. 413, 555 P.2d 659 (1976) is controlling on this issue. In *Doskocil*, the state and the defendant entered into a plea agreement which was subsequently rejected by the court. In determining what trial time limits should be imposed in such case, the court stated:

"It is our position . . . that Rule 8.4(a) does not come into play when a plea agreement has been filed and a guilty plea entered. Such an agreement presupposes a disposition of the case in the same context as a trial in which it is assumed that after hearing all of the evidence the judge will decide the case in the exact way the parties have agreed. If, after having heard all of the evidence, the judge cannot so decide the case, in fairness to the parties the judge should declare a mistrial. The analogy between a rejected plea bargain and a mistrial is

so compelling to us that we feel that Rule 8.2(d) should apply. This rule requires that the new trial ordered after a mistrial shall commence within 60 days of the entry of the order declaring the mistrial, in this instance, 60 days from . . . when the court rejected the plea agreement." *State v. Doskocil*, 113 Ariz. 413, 415, 555 P.2d 659, 661 (1976).

In our opinion, the rejected plea agreement analogy is applicable here. In this case, the parties agreed to submit the issue of guilt or innocence to the trial court based upon the preliminary hearing transcript with the understanding that if the defendant was found guilty the matter would be treated as a misdemeanor and a suspended sentence imposed. When it became apparent that the trial court would not or could not live up to this agreement, the defendant sought and was permitted to withdraw the submission. While a rejected agreement to submission is not technically the same as a rejected plea agreement, the elements are the same—an agreement, a realization the agreement cannot be abided with, and a withdrawal of the agreement.

Based upon *Doskocil*, we hold that a rejected agreement to submission is analogous to a mistrial and therefore Rule 8.2(d) applies. Under Rule 8.2(d), the state has the obligation to try the defendant within 60 days of the date the trial court rejects the agreed submission and finding of guilt. In this case, this was accomplished on July 26, 1976, which meant that the last day for trial was September 24, 1976. The defendant was tried on September 3, 1976. We find no violation of the time limits imposed by the Rules of Criminal Procedure.

■ The defendant also argues a U.S. constitutional 6th Amendment speedy trial violation. In determining whether constitutional speedy trial requirements have been violated, the court will look to the length of the delay, the reason for the delay, the defendant's assertion of his right to trial and any prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ Here the delay between arrest and trial was approximately 9 months, during which time the defendant was free on bail. However, the greater amount of this time was occasioned by the withdrawal of defendant's agreement to submit. Only in August of 1976 did the defendant complain about delay (and then only in the context of moving to dismiss for violation of the Arizona Rules of Criminal Procedure.) He was tried approximately 30 days later. The only prejudice alleged is that a potential witness to the affray at the bar was missing at time of trial. It appears, however, that this witness's testimony would have been merely accumulative to that of two witnesses who did testify as to defendant's issue of self-defense. Under these circumstances, we find no violation of defendant's constitutional rights to a speedy trial. *State v. Stauffer*, 112 Ariz. 26, 536 P.2d 1044 (1975).

## PROBATION OFFICER TESTIMONY

Defense counsel objected to the state's introduction of testimony by defendant's former probation officer on the basis that such statements were coerced and that it would be fundamentally unfair for the state to use them at trial. The state contended that the statements were voluntary and that they could be used for impeachment purposes. However, the issue of voluntariness is not decisive because the admissibility of such statements is controlled by Rule 26.6(d)(2) of the Arizona Rules of Criminal Procedure which provides:

> "Neither a pre-sentence report nor any statement made in connection with its preparation shall be admissible as evidence in any proceeding bearing on the issue of guilt."

■ Rule 26.6(d)(2) makes the admissibility of defendant's statements clearly im-

proper.[1] The defendant had taken the stand to assert that his actions constituted self defense; the state's introduction of prior inconsistent statements concerning defendant's state of mind when the victim approached him must have had a substantial impact upon the jury. We must conclude that prejudicial error resulted from this improper testimony. Therefore, although defense counsel failed to state the proper grounds for his objection at trial and on appeal, we must set aside this conviction because fundamental error has been committed. *State v. Nettz*, 114 Ariz. 296, 560 P.2d 814 (1977); *State v. Powell*, 5 Ariz. App. 51, 423 P.2d 127 (1967).

Since we reverse on the basis of a violation of the rules pertaining to the use of pre-sentence reports, we need not consider other issues raised by defendant.

Based upon the improper introduction of testimony of the probation officer as to statements made by defendant during preparation of a pre-sentence report, we set aside the conviction. Judgment is reversed and this matter is remanded to the trial court for a new trial.

WREN, P. J., and EUBANK, J., concur.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

JACOBSON, Judge.

This court filed its opinion in this matter in *State v. Sepulveda*, 1 CA–CR 2392 (Ariz. Ct.App. filed February 2, 1978), reversing defendant's conviction and remanding for a new trial. The basis for this reversal was the improper introduction of a probation officer's testimony concerning statements made by the defendant during preparation of a pre-sentence report in conjunction with a submission of guilt subsequently withdrawn.

1. In addition to Rule 26.6(d)(2), the comments to Rule 26.4 of the Arizona Rules of Criminal Procedure also preclude the use of defendant's comments to his probation officer under the facts of this case. The comments to Rule 26.4 state in pertinent part:

"... In the event that a new trial is ordered or a plea withdrawn after prepara-

tion of the pre-sentence report, neither the report nor any statement made in connection with its preparation may be introduced at trial. See ABA, Standards Relating to Sentencing Alternatives and Procedures, § 4.2(b)(ii); Rule 26.6(d)(2)."

■ Appellee's motion for rehearing urges this court to take the position that such statements should be treated in a manner analogous to statements made by a defendant when he has not been given his *Miranda* warnings. Such treatment would mean that while the statements may not be used in the state's case in chief, they may properly be introduced in rebuttal, after the defendant takes the stand. *See Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

In support of this position, appellee points out that the policy of encouraging a defendant to be candid with his probation officer is served by precluding the use of his statements in direct evidence. However, by completely precluding their use in rebuttal, a defendant is encouraged to take the stand and commit perjury with impunity. As a result, the judicial process is restricted in fulfilling its major purpose—ascertaining the truth.

While we find merit in appellee's position, we believe that the language of Rule 26.-6(d)(2) of the Arizona Rules of Criminal Procedure is controlling and is not subject to such an interpretation. Rule 26.6(d)(2) provides:

"Neither a pre-sentence report nor any statement made in connection with its preparation shall be admissible *as evidence* in any proceeding bearing on the evidence of guilt." (Emphasis added.)

The preclusion is not limited to just "direct evidence." [1] Until our Supreme Court says differently, we are bound to enforce the rule in accordance with its terms.

Motion for rehearing is denied.

EUBANK, P. J., and WREN, J., concur.

---

1. As pointed out in our prior opinion, in addition to Rule 26.6(d)(2), the comments to Rule 26.4 of the Arizona Rules of Criminal Procedure use even broader language in providing that such statements may not " . . . be introduced at trial."