744 P.2d 16

**STATE of Arizona, Appellee,**

v.

**Patrick BRUGGEMAN, Appellant.**

**No. 1 CA–CR 9705.**

Court of Appeals of Arizona, Division 1, Department A.

May 19, 1987.

Review Denied Oct. 6, 1987.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

H.K. Wilhelmsen, Prescott, for appellant.

## OPINION

GRANT, Presiding Judge.

Appellant Patrick Bruggeman (defendant) was charged by indictment in 1983 with one count of driving while under the influence and one count of driving with a blood alcohol level of .10 or more. The state alleged as to both counts that defendant was driving without an operator's license; thereby alleging both counts to constitute felony DWI. Defendant filed a motion to dismiss based on a speedy trial violation. The trial court granted the motion without prejudice. The state then pursued an appeal, which became 1 CA–CR 7973. By memorandum decision dated April 18, 1985, this court held that the trial court erred in dismissing the indictment for denial of a speedy trial. This court reinstated the indictment and remanded the case for further proceedings. The mandate issued on August 26, 1985.

On October 15, 1985, defendant again filed a motion to dismiss for a speedy trial violation. He argued a violation of either rule 8.2(a)[1] or rule 8.2(c),[2] Arizona Rules of Criminal Procedure. The parties orally argued the motion on October 29, 1985, at which time the defendant also claimed that there was a violation of rule 8.2(d).[3] The court denied the defendant's motion.

On November 6, 1985, the date of trial, the state moved to dismiss the felony allegations. The defendant objected to the proposed dismissal, arguing that the prosecution was seeking to amend the indictment and to initiate prosecution on a misdemeanor in violation of the applicable statute of limitations. The court, citing rule

---

**1. Rule 8.2 Time limits**

**a. All Defendants.** Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons under rule 3.1 except for those excluded periods set forth in rule 8.4 below.

**2.   c. Defendants Released from Custody.** Every person released under rule 7 shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment or information, or within 90 days from the date of his arraignment before the trial court, whichever is the greater.

**3.    d. New Trial.** A trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a judgment by an Appellate Court shall commence within 60 days of the entry of the order of the court or service of the mandate of the Appellate Court.

13.2(c), granted the state's motion to dismiss and entered an "order that Counts I and II of the Indictment shall be deemed amended to exclude the allegations relating to the status of the defendant's license, leaving for trial the lesser included charges of D.U.I. under Subsections A and B of 28–692."

The defendant waived a jury trial, and the case was submitted on stipulated evidence. The trial court found defendant guilty on Count I, ordered him to be incarcerated in the county jail for a term of 30 days, and ordered him to pay monetary penalties in the amount of $372.50. The court dismissed Count II.

Defendant argues that the trial court erred by denying his motion to dismiss the indictment for a violation of the speedy trial provisions. Specifically, the defendant asserts that the 60–day limit of rule 8.2(d) applies. Because the trial did not occur within 60 days after remand, defendant maintains that a dismissal with prejudice is required. The state urges that the reinstatement of the indictment by this court upon reversal and remand is the equivalent of a new indictment, and that the speedy trial time limits begin anew. The state argues rule 8.2(d) does not apply because it is limited to a situation where there have already been trial proceedings, in which case a retrial would require less time for preparation than when there had been no previous trial.

Rule 8 does not expressly provide for the situation which we encounter here. By contrast, the United States Code specifically provides for a time limit when a speedy trial dismissal is reversed.[4] The Arizona cases and other authority cited by the state, which deal with situations where the state actually reindicted the defendant after remand, are of little help to us. These cases do not meet defendant's second argument that because there is only one indictment here, all of the expired time both before and after the appeal should be added together.

■ Although the plain language of rule 8.2(d) does not apply to this factual situation, we must analyze the rule in light of recent judicial interpretations and applications. The sixty day provision of the rule applies to a "trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a *judgment* by an Appellate Court...." (Emphasis added.) This is neither a mistrial nor a new trial. Our original decision did not reverse a judgment, but an order of dismissal. While a civil order of dismissal is a judgment, that is not the case with a criminal order. Rule 26.-1(a), Arizona Rules of Criminal Procedure, defines "judgment" as "the adjudication of the court based upon the verdict of the jury, upon the plea of the defendant, or upon its own finding, following a non-jury trial, that the defendant is guilty or not guilty."

In *State v. Tucker*, 133 Ariz. 304, 651 P.2d 359 (1982), the defendant had been tried and convicted, and his original conviction had been affirmed on appeal, when a federal court granted habeas corpus relief. The state failed to commence retrial within sixty days of service of the mandate. Rule 8.2(d) does not list the federal habeas corpus relief as one of the orders activating the sixty day "new trial" requirement. However, the *Tucker* court held rule 8.2(d) applicable, reversed, and ordered the prosecution dismissed with prejudice. It stated:

> The state's position after a federal court grants a state prisoner habeas corpus relief is analogous to the state's position after a state court reverses a defendant's conviction. In both situations, *the state has investigated, assembled, and tried the case once, and it need only reassemble its evidence....*

133 Ariz. at 307, 651 P.2d at 361 (emphasis added).

In *State v. Doskocil*, 113 Ariz. 413, 555 P.2d 659 (1976), the trial court had rejected

---

**4.** 18 U.S.C.A. § 3161(d)(2) provides in relevant part:

If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final....

a plea agreement, and the defendant was ultimately tried and convicted of the offenses charged. The supreme court applied rule 8.2(d) as requiring the trial to commence within sixty days from the rejection of the plea. The court said that a plea agreement:

> [p]resupposes a disposition of the case in the same context as a trial in which it is assumed that after hearing all of the evidence the judge will decide the case in the exact way the parties have agreed. If, after having heard all of the evidence, the judge cannot so decide the case, in fairness to the parties, the judge should declare a mistrial. The analogy between a rejected plea bargain and a mistrial is so compelling to us that we feel that rule 8.2(d) should apply.

113 Ariz. at 415, 555 P.2d at 661.

In *State v. Sepulveda*, 120 Ariz. 178, 584 P.2d 1169 (App.1978), this court found *Doskocil* controlling. The parties had agreed to submit the issue of guilt or innocence to the trial court based upon the preliminary hearing transcript with the understanding that, if the defendant were found guilty, the matter would be treated as a misdemeanor and a suspended sentence imposed. The court originally accepted this agreement. However, the presentence report recommended that the matter be treated as a felony. The court granted the defendant's motion to withdraw the submission and reinstated the information. This court held that, under rule 8.2(d), the state had to try the defendant within sixty days of the trial court's rejection of the agreed submission.

In *Tucker*, there had been a new trial which is clearly within the spirit of rule 8.2(d). As the *Tucker* court pointed out, the state had already prepared for trial. In the mistrial situation, expressly contemplated by the rule, the state may not have *tried* the case once, but it will have at least investigated and assembled its evidence to the point of trial readiness. Where a plea is rejected, it is stretching reality to assume that the state has gathered enough

evidence to try the case when in fact it usually has only sufficient evidence to support the plea. Yet the supreme court indulged such reasoning in *Doskocil* when it found the mistrial analogy compelling. Thus, by this analogy, all of these cases are brought under rule 8.2(d) because they all involve circumstances where the state has at least investigated and assembled, if not tried its case, and need only reassemble its evidence.[5]

The problem we see in this approach lies with the recent decision in *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The supreme court held the time limits of rule 8.2(a) and (b) strictly applicable in DWI cases, running from the date of arrest, and prospectively required dismissal with prejudice for violation of those rules. Though rule 8.2(a) limits were violated in the case before it, the supreme court did not dismiss with prejudice, but left the state the option to pursue its prosecution. What is significant to the present case is that court's application of rule 8.2(d) on remand. It stated:

> The matter is remanded to the trial court with directions that if the state still wishes to prosecute, that the trial on each case shall commence within sixty days of the issuance of the mandate herein. Rule 8.2(d), Ariz.R.Crim.P., 17 A.R.S. If the state moves to dismiss and the trial court agrees, the dismissal shall be with prejudice.

150 Ariz. at 311, 713 P.2d at 660.

In *Hinson* there was no plea bargain. There was nothing in the record to indicate that the state had investigated and assembled its case. The supreme court did not discuss the applicability of rule 8.2(d) nor indicate why it believed the rule applied. Yet we cannot ignore the reference to the rule as dictum, since the court ordered a disposition pursuant to the rule.

Similarly, in *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 529 P.2d 686 (1975), the supreme court took special action jurisdiction of a speedy trial dismissal. It remanded for a determination of wheth-

---

**5.** The comment to rule 8.2(d) supports this conclusion: "[s]ince the demands of trial prepara-tion will generally be minimal in such cases. . . ."

er the dismissal should be with or without prejudice, and held that, if without prejudice, the defendant had to be tried within sixty days of the mandate.

 We believe that *Hinson* requires a post-remand trial to be treated as a new trial within the meaning of rule 8.2(d), whether or not the matter had previously gone to judgment in the superior court and whether or not proceedings had reached a stage from which it could be presumed that the state had already assembled its evidence.

Because we believe we are bound by the supreme court's ruling in *Hinson*, we reverse for failure to comply with rule 8.2(d). Since a retrial did not occur within 60 days, the judgment of conviction and sentence are reversed.

CONTRERAS and FIDEL, JJ., concur.